United States Bankruptcy Court
Northern District of Illinois
Eastern Division

| | |
|---|---|
| In re:<br>JAYTEE LLC,<br>　　　　　　　　　Debtor. | Bankruptcy No. 16-29327<br>Chapter 11 |
| Barbara Capital Lofts, LLC,<br>　　　　　　　　　Plaintiffs<br>　　　　v.<br>JAYTEE LLC,<br>　　　　　　　　　Defendant. | Honorable Jack B. Schmetterer<br><br>**Adversary Proceeding No. 16-00723** |

## MEMORANDUM OPINION ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (DKT. NO. 27)

Plaintiff Barbara Capital Lofts, LLC ("Barbara") filed an adversary complaint against the debtor in a voluntary chapter 11 case, filed by Jaytee LLC ("Debtor" or "Jaytee"). The Complaint seeks a declaration that the Debtor's right to purchase real estate under a Purchase Agreement with Barbara has expired for failure to timely perform or assume that contract. Barbara claims that the Agreement terminated under its own terms when Jaytee failed to pay Barbara the purchase price by the closing deadline. In response, Jaytee claimed that the Agreement is nonetheless valid because it grants Jaytee the right to cure the breach through a reorganization under Chapter 11.

Plaintiff filed this Motion for Summary Judgment, arguing that the Purchase Agreement terminated by its own terms and that there is no genuine issue of material fact in relation those to terms.

The Debtor did not file anything in opposition to the Motion.

As discussed below, the record establishes all factual issues necessary to determine whether the contract terminated. The Debtor has failed to identify any triable issue regarding its rights under the Purchase Agreement and applicable law. Because the record could not lead to contrary findings, Plaintiff's motion for summary judgment will be granted and judgment is entered by separate order.

## UNCONTESTED FACTS

Local Bankruptcy Rules 7056-1 and 7056-2 specify procedures to be followed pursuant to a motion for summary judgment. Those procedures are designed to simplify a determination as to whether a genuine dispute of fact exists, in part, by incorporating the parties' relative burdens in supporting or in opposing a motion for summary judgment under Fed. R. Bankr. P. 7056 (incorporating Fed. R. Civ. P. 56). *See generally Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 921–22 (7th Cir. 1994).

Under Local Bankruptcy Rule 7056-1, Plaintiffs, as the movants for summary judgment, were required to file a statement of uncontested material facts in support of their motion, consisting of short, numbered paragraphs with citations to admissible evidence,1

---

1 Local Bankruptcy Rule 7056-1 provides, in relevant part:
   A. Supporting Documents Required
With each motion for summary judgment filed under Fed. R. Bankr. P. 7056, the moving party must serve and file a supporting memorandum of law and a statement of material facts as to which the moving party contends there is no genuine issue and that entitles the moving party to judgment as a matter of law, and that also includes:
(1) a description of the parties;
(2) all facts supporting venue and jurisdiction in this court; and
(3) any affidavits and other materials referred to in Fed. R. Civ. P. 56(e).
   B. Form - Statement of Facts

2

which they did [*See* Dkt. No. 28]. In response, Jaytee, as the party opposing summary judgment, was required to file its own statement. Jaytee's statement must have responded to each numbered paragraph and, in the case of disagreement, provided citations to evidence sufficient to establish that a genuine dispute for trial exists by including specific reference to the affidavits, parts of the record, or other supporting materials relied upon, as required by Local Bankruptcy Rule 7056-2(A)(2)(a).2 "All material facts set forth in the statement required of the moving party will be deemed to be admitted unless controverted by the statement of the opposing party." L.R. 7056-2(B).

Jaytee failed to file any response to Barbara's summary judgment motion. The facts offered in Plaintiff's L.R. 7056-1(B) statement are therefore deemed admitted in accordance with L.R. 7056-2(B) and Fed. R. Civ. P. 56(e) (made applicable by Fed. R. Bankr. P. 7056).

---

The statement of facts must consist of short numbered paragraphs, including within each paragraph specific references to the affidavits, parts of the record, and other supporting materials relied upon to support the facts set forth in that paragraph. Failure to submit such a statement constitutes grounds for denial of the motion.
( . . . . )

2 Local Bankruptcy Rule 7056-2 provides:
    A. Supporting Documents Required
Each party opposing a motion for summary judgment under Fed. R. Bankr. P. 7056 must serve and file the following:
(1) a supporting memorandum of law;
(2) a concise response to the movant's statement of facts that will contain:
    (a) a response to each numbered paragraph in the moving party's statement, including, in the case of any disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon; and
    (b) a statement, consisting of short numbered paragraphs, of any additional facts that require the denial of summary judgment, including references to the affidavits, parts of the record, and other supporting materials relied upon; and
(3) any opposing affidavits and other materials referred to in Fed. R. Civ. P. 56(e).
    B. Effect
All material facts set forth in the statement required of the moving party will be deemed to be admitted unless controverted by the statement of the opposing party.

The facts set forth below are drawn from Plaintiff's L.R. 7056-1(B) statement and exhibits attached thereto, and are undisputed for purposes of the summary judgment motion.

### A. The Parties

The Plaintiff, Barbara Capital Lofts, LLC ("Barbara"), is an Illinois Limited Liability company in the business of owning and investing in real estate. (Pl.'s L.R. 7056-1 Stmt. [hereinafter referred to as *"Pl.'s Statement"*], ¶4).

The Defendant and Debtor is Jaytee LLC ("Jaytee"), an Illinois Limited Liability Company formed for the sole purpose of purchasing certain real property commonly known as 921 South Jefferson Street, Chicago, Illinois 60607 (the "Property"). (*Id.* ¶ 5).

### B. The Parties Enter into a Purchase Agreement

On July 7, 2015, Barbara entered into a Purchase Agreement with Delago, LLC ("Delago") wherein Delago or its nominee agreed to purchase the Property. (*Id.* ¶ 6). Following that agreement and on June 30, 2016, Barbara entered into a First Amendment to the Purchase Agreement ("First Amendment") with Jaytee as nominee of Delago. (*Id.* ¶ 7). The Purchase Agreement mandated that the deed to the Property would be delivered to Jaytee at closing. (Pl.'s Exhibit B, p. 7).

The First Amendment, among other matters, modified the closing deadline to September 15, 2016 ("Hard Closing Deadline") and stated that no further extensions would be granted. (*Id.* ¶ 8). The First Amendment specifically states "[t]he Closing Date as set forth in Section 2.03 shall be amended to September 15, 2016 or an earlier date as mutually agreed upon in writing by the Seller and Purchaser. Purchaser hereby acknowledges that no further

4

extensions shall be granted by Seller." *(Id.* ¶ 9). Section 2.02 states "Purchaser shall pay Seller the sum of five million nine hundred thousand dollars ($5,900,000) to be allocated to the purchase of the Real Property and Permits and $1.00 to be allocated to the purchase of the Personal Property (in aggregate, the "Purchase Price")." *(Id.* ¶ 10).

On September 15, 2016, Jaytee was to deliver the Purchase Price to Barbara in addition to certain documents that Barbara would need to complete the transaction. *(Id.* ¶ 10-12). The Purchase Agreement further states that the "Agreement is binding and enforceable against Purchaser in accordance with its terms, except that such enforceability may be limited by applicable bankruptcy, insolvency, reorganization, moratorium and similar laws of general application affecting the rights and remedies of creditors, and by general equity principles." *(Id.* ¶ 13). The Purchase Agreement states that there is no cure period for failing to pay the purchase price on or before the closing date. *(Id.* ¶¶ 14 - 15).

### C. Jaytee Files for Bankruptcy

On September 14, 2016, one day before the Hard Closing Deadline, Jaytee filed the above-captioned Chapter 11 proceeding No. 16-29327. *(Id.* ¶ 16). Jaytee failed to secure the funds necessary to close on the transaction by the Hard Closing Deadline and does not currently have the necessary funds. *(Id.* ¶¶ 17 - 18). In addition, Jaytee's Counsel has acknowledged that the Jaytee has not secured a loan commitment for purchase of the Property. *(Id.* ¶ 19).

5

## JURISDICTION AND VENUE

Subject matter jurisdiction lies under 28 U.S.C. § 1334. The district court may refer bankruptcy proceedings to a bankruptcy judge under 28 U.S.C. § 157, and this proceeding is thereby referred here by District Court Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. Venue lies under 28 U.S.C. § 1409. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O). It seeks a determination that the Debtor's rights under the Purchase Agreement expired post-petition, and can no longer be assumed under a reorganization plan. Therefore, it "stems from the bankruptcy itself," and may constitutionally be decided by a bankruptcy judge. *Stern v. Marshall*, 564 U.S. 462, 499 (2011).

## Summary Judgment Standards

A motion for summary judgment requires the court to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial. *Waldridge v. American Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1999) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Summary judgment must be granted if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. *See* Fed. R. Bankr. P. 7056 (incorporating Fed. R. Civ. P. 56). To prevail, the moving party must establish that there is no genuine dispute of fact as to any essential element of a claim or defense. *Anderson*, 477 U.S. at 255. Summary judgment is proper when there is only one logical conclusion to be reached by the finder of fact. *Marozsan v. United States*, 90 F.3d 1284, 1290 (7th Cir. 1996), cert. denied, 520 U.S. 1109 (1997); *see Matsushita*

*Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) ("Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'").

On a motion for summary judgment, the court "must construe all facts and draw all reasonable inferences in the light most favorable to the nonmoving party." *Majors v. Gen. Elec. Co.*, 714 F.3d 527, 532 (7th Cir. 2013). However, "[a] mere scintilla of evidence in support of the nonmoving party's position is not sufficient; there must be evidence on which the jury could reasonably find for the non-moving party." *Harris N.A. v. Hershey*, 711 F.3d 794, 798 (7th Cir. 2013) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 252).

## Discussion

Barbara seeks a Summary Judgment under the theory that the Purchase Agreement is not eligible to be assumed under 11 U.S.C. § 365 because the Agreement has terminated. Under § 365(a), a trustee or debtor-in-possession may assume or reject an executory contract. In the event of a default, a debtor who elects to assume must "promptly" cure or provide adequate assurance that it will promptly cure, compensate, or perform. 11 U.S.C. §365(b)(1)(A)-(C). "A party to an executory contract must be paid all amounts due him under the contract before the contract may be assumed." *Matter of Superior Toy & Mfg. Co., Inc.*, 78 F.3d 1169, 1174 (7th Cir. 1996).

Plaintiff has argued that the Purchase Agreement is an executory contract because each party had yet to fully perform its obligations when the bankruptcy case was filed. An executory contract is a contract "on which performance remains due to some extent on both

7

Case 16-00723 Doc 47 Filed 05/01/17 Entered 05/01/17 16:18:26 Desc Main
Document Page 8 of 12

sides." *See In re Superior Toy & Mfg. Co., Inc.,* 78 F.3d 1169, 1172 n. 3 (7th Cir. 1996) (quoting 2 Collier on Bankruptcy ¶ 365.02 at 365-21 (15th ed. 1995)). The Purchase Agreement contains material performance obligations on both sides. Jaytee was obligated to deliver the remainder of the Purchase Price, and in exchange Barbara was to deed the Property to Jaytee. Jaytee filed its bankruptcy petition the day before the closing date provided in the Purchase Agreement. Accordingly, its right to assume the executory contract is governed by 11 U.S.C. § 365 and other relevant provisions of the Bankruptcy Code.

Though the Purchase Agreement was executory when the bankruptcy case was filed, it is no longer eligible to be assumed by the Debtor pursuant to § 365. The timing of Debtor's filing in relation to the Closing Deadline presents an interesting tangle of fact and law under § 365. At the moment of filing, Debtor had the right to assume or reject the Purchase Agreement. However, the Purchase Agreement required payment of the purchase price the day after the bankruptcy petition was filed, and provided for no right to cure default based on the Debtor's failure pay the purchase price by that date. In *In re Nat'l Steel Corp.,* 316 B.R. 287 (Bankr. N.D. Ill. 2004), the court considered the effect of a creditor's failure to assume or reject an executory contract that had expired under its own terms. There the court remarked that where "the executory contract expires by its own terms during the post-petition, pre-assumption/rejection period . . . the debtor-in-possession has nothing to assume or reject." *In re Nat'l Steel Corp.,* 316 B.R. 287, 304 (Bankr. N.D. Ill. 2004). *See also In re Mellen,* 79 B.R. 385, n.1 (Bankr. N.D. Ill. 1987) ("[T]here is no right to assume a contract which has expired by its own terms. Also there is no point in assuming a contract the performance of which is impossible").

8

Even if the timeline for the right to cure was extended under § 108(b), the debtor here still has failed to assume within the period provided. Section 108(b) grants debtors a 60-day extension in which it may cure a default. This extension can apply to executory contracts. *Mellen*, 79 B.R. at 387 ("Congress intended to afford a debtor an extension of time pursuant to § 108(b) independent of § 365 in order to perform under an executory contract if there was a contract subject to performance at the time of commencement of the case"). Considering facts similar to those in this case, the court in *Mellen* determined whether the debtor could enforce an executory contract that expired after the commencement of the case, but before the debtor had assumed. There the court held that while § 108(b) extended the debtor's right to cure, the debtor failed to cure within that time-frame and therefore could not enforce the contract.

In this case, the Debtor defaulted on the Purchase Agreement when it failed to produce financing for the Property on the Hard Closing Deadline. The Purchase Agreement stipulates that there will be no opportunity for the Debtor to cure a default once the Hard Closing Deadline has passed. After the default, the Debtor failed to cure within 60 days under §108(b). The Debtor therefore no longer has the right to buy the Property under the Purchase Agreement. The contract expired on September 15th, 2016 and under reasoning in *National Steel* and *Mellen*, it cannot be assumed or rejected. *See Graphic Commc'ns Union, Chicago Paper Handlers' & Electrotypers' Local No. 2 v. Chicago Tribune Co.*, 794 F.2d 1222, 1228 (7th Cir. 1986) (standing for the principle that the parties' rights under the contract terminated on the date the contract expires).

9

Barbara cites to *Moody v. Amoco Oil Co.*, 734 R.2d 1200 (7th Cir. 1894) for the principle that the automatic stay does not prevent the automatic termination of a contract, but the contracts at issue in *Moody* are distinguishable. In that case, the contracts were terminated when termination notices were sent to the debtor, prior to the filing in bankruptcy. Under its own terms, the contract terminated automatically at the end of ninety days after the notices were sent. In the interim between the mailing of the notices and the end of ninety days, the debtors filed in bankruptcy. The court reasoned that at the moment of filing, the contracts were already terminated and that all that remained under the contracts was the passage of time. In that case, the court held that the automatic stay could not be used to prevent a termination that had happened pre-bankruptcy.

Still, *Moody* has some relevance to this case. The opinion there notes "whatever rights a debtor has in property at the commencement of the case continue in bankruptcy—no more, no less." *Moody* at 1213. The automatic stay does not give a debtor greater rights in a contract. *Id.* Here, the contract gave the debtor the right to buy the Property on or before September 15, 2016. It also denied the Debtor the right to cure after a default. To give the Debtor the right to assume now, months after the Hard Closing Deadline, would greatly expand its rights under the contract. To the extent that Debtor's time to cure or perform was extended by operation of § 108(b), Debtor failed to timely assume the Purchase Agreement within the time provided by that provision.

Under §365(b)(1)(A), a debtor-in-possession may not assume a contract that it has defaulted on unless it promptly cures, or provides adequate assurance that it will promptly cure. The Debtor has claimed that it is seeking financing. Indeed an outside group was

raising capital and Barbara's counsel indicated that it might consider an offer if capital was raised. However, tangible proof of capital actually available from those efforts never materialized. Nor has the Debtor provided any kind of assurance that it could promptly cure, despite demands from Barbara and the court. [See *Pl.'s Statement* §§ 18, 19]. Indeed, the time for "prompt cure" has long passed. The default occurred on September 15, 2016 and efforts since then to secure financing have been unsuccessful.

There is no genuine issue of material fact as to terms of the Purchase Agreement, which provide that the contract terminated no later than 60 days after the Hard Closing Deadline set forth in the Purchase Agreement. The contract cannot now be assumed and Debtor's plan providing for its assumption cannot be confirmed

## CONCLUSION

For the foregoing reasoning, summary judgment on Barbara's Amended Adversary Complaint will be granted declaring the Debtor has no rights under the Agreement. Judgment will be entered accordingly.

ENTER:

_____
Jack B. Schmetterer
United States Bankruptcy Judge

Dated this 1st day of May, 2017

MAY - 1 2017

Adversary No. 16 A 00723
Barbara Capital Lofts, LLC v. Jaytee, LLC
Updated 5/1/17

## CERTIFICATE OF SERVICE

I, Dorothy Clay, certify that on __MAY - 1 2017__ I caused to be served copies of the foregoing document to the following by either U.S. Mail or electronic mail to those who have consented to such service.

_____Dorothy Clay_____
Judicial Assistant/Deputy Clerk

## SERVICE LIST

### Electronic Service through CM/ECF System

Richard C Perna
Fuchs & Roselli Ltd
440 W Randolph Street Suite 500
Chicago, IL 60606
Counsel for Plaintiff, Barbara Capital Lofts, LLC

Thomas R Hitchcock
Hitchcock & Associates, P.C.
53 West Jackson Blvd.
Suite 724
Chicago, IL 60604
Counsel for Defendant, JAYTEE, LLC